**Opinion issued February 2, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00892-CR

_____

**ZAVIER COMMINEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the County Court at Law No. 4
Fort Bend County, Texas
Trial Court Case No. 14-CCR-175059

---

## MEMORANDUM OPINION

Appellant, Zavier Comminey, pled guilty to the misdemeanor offense of possession of marijuana. The trial court found appellant guilty and, in accordance with the terms of appellant's plea bargain agreement with the State, sentenced appellant to 50 days in jail. Appellant filed a *pro se* notice of appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).